**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHELE GALLAGHER
an individual,

           Case No.:

   Plaintiff,

v.

CAVALRY SPV I, LLC,
a foreign  limited liability company, and
ANDREU, PALMA & ANDREU, P.L.,
a Florida limited liability company,

   Defendants.

_____/

**COMPLAINT**

  **COMES NOW**, Plaintiff, MICHELE GALLAGHER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, CAVALRY SPV I, LLC (Hereinafter, "SPV") and ANDREU, PALMA & ANDREU, P.L. (hereinafter, "APA") (hereinafter collectively, "Defendants").  In support thereof, Plaintiff alleges:

**PRELIMINARY STATEMENT**

  This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq*. (hereinafter, the "FDCPA").

**JURISDICTION, VENUE & PARTIES**

  1.  At all material times herein, Plaintiff is and was a resident of the state of Florida, residing in Pinellas County.  This Court has personal jurisdiction over Plaintiff as she submits to the jurisdiction of this Court.

  2.  The FDCPA violations at issue in this action occurred in Pinellas County, Florida, thereby conferring jurisdiction on the United States District Court for the Middle District of

1

Florida, pursuant to 15 United States Code, Section 1692k(d) and 28 United States Code, Section 1337.

5.      Venue in this District is proper because Plaintiff resides here, because Defendant mailed Plaintiff debt collection letters to Plaintiff in this District, and because Defendants served Plaintiff with a debt collection lawsuit in Pinellas County, Florida.

6.      This Court has personal jurisdiction over Defendants, because Defendants served Plaintiff the debt collection lawsuit at an address located in Pinellas County, Florida.

7.      Defendant SPV is a debt buyer and limited liability company existing under the laws of the state of Delaware, that, itself and through its employees, representatives, and lawyers, regularly collects debts allegedly owed to another within Pinellas County, Florida.

8.      Defendant APA is a law firm and Florida limited liability company existing under the laws of the state of Florida with a primary business address in Miami-Dade County, Florida, that, itself and through its employees and representatives, regularly collects debts allegedly owed to another within Pinellas County, Florida.

## GENERAL ALLEGATIONS

9.      At all material times herein, Defendants are each a "debt collector," as that term is defined by the FDCPA, Section 1692a(6).

10.      At all material times herein, Defendants attempt to collect a debt from Plaintiff, including but not limited to, an alleged balance owed on a consumer credit card, referenced by the original creditor's account number ending in -8327 (hereinafter, the "Debt").

11.      At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

2

12.     Defendant SPV and Defendant APA each used interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts allegedly due another.

13.     Defendant SPV and Defendant APA are also each entities who regularly collect or attempt to collect, directly or indirectly debts owed or due, or asserted to be owed or due, to another from consumers in Pinellas County, Florida.

14.     At all material times herein, Plaintiff is a "consumer" as that term is defined by the FDCPA, Section 1692a(3).

15.     At all material times herein, Defendants' conduct, complained of below, qualifies as "communication" as that term is defined by the FDCPA, Section 1692a(2).

16.     Defendants' conduct, namely the drafting and use of the Debt Collection Lawsuit, as such term is defined and complained of below, qualifies as a "representation" and/or "means" as those terms are used in the FDCPA, Sections 1692e and 1692g.

17.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

18.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

19.     On or about March 26, 2015, Defendant APA, on Defendant SPV's behalf–and with its consent, knowledge, and approval–sent Plaintiff a collection letter in an attempt to collect the Debt (hereinafter, "Collection Letter").  Please see attached a true and correct copy of said Collection Letter labeled as Exhibit "A."

20.     On or about March 30, 2015, Plaintiff sent Defendant APA a letter both disputing

3

the Debt and also requesting a validation of the Debt pursuant to the FDCPA, Section 1692g (hereinafter, "Dispute Letter").  Please see attached a true and correct copy of said Dispute Letter and delivery confirmation labeled as Exhibit "B1-B7."

21.     At no time herein did Defendant APA or Defendant SPV validate the disputed Debt in accordance with the FDCPA, Section 1692g.

22.     On or about April 23, 2015, despite Defendant APA's and Defendant SPV's failure to validate the disputed Debt, Defendants filed a lawsuit against Plaintiff in the County Court in and for Pinellas County Florida, Small Claims Division, with assigned case number 15-3464-SC (hereinafter, "Debt Collection Lawsuit").  Please see attached a true and correct copy of the case docket labeled as Exhibit "C1-C2."

23.     On or about May 9, 2015, despite Defendant APA's and Defendant SPV's failure to validate the disputed Debt, Defendant APA, on Defendant SPV's behalf–and with its consent, knowledge, and approval–served Plaintiff with the Debt Collection Lawsuit in an attempt to collect the Debt.  *See* Exhibit "C2."

24.     On or before May 22, 2015, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") for representation in regard to the Debt Collection Lawsuit.

25.     On or about May 22, 2015, Undersigned Counsel filed its Notice of Appearance in the Debt Collection Lawsuit.  Please see attached a true and correct copy of said Notice of Appearance and attached notice of electronic service of court documents labeled as Exhibit "D1-D4."

26.     The immediately-aforementioned Notice of Appearance provided Defendant SPV and Defendant APA with actual knowledge of Undersigned Counsel's representation of Plaintiff

with respect to the Debt and provided actual knowledge of Undersigned Counsel's contact information.

27.     On or about May 27, 2015, despite Defendant APA's and Defendant SPV's failure to validate the disputed Debt and despite Defendants possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information, Defendant APA, on Defendant SPV's behalf–and with its consent knowledge, and approval–mailed a Notice of Confidential Information Within Court Filing directly to Plaintiff in connection with the collection of the Debt.  Please see attached a true and correct copy of said Notice of Confidential Information Within Court Filing and delivery envelope labeled as Exhibits "E1-E10."

28.     Plaintiff has also retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

29.     15 United States Code, Section 1692k provides for the award of $1,000.00 statutory damages and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

30.     As of the date of this complaint, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

**COUNT ONE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)**

Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

31.     Defendants are each subject to, and have both violated the provisions of, 15

United States Code, Section 1692c(a)(2) by communicating with Plaintiff in connection with the collection of the Debt, despite Defendants having knowledge that Plaintiff was represented by Undersigned Counsel.

32.    Defendants possessed actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and possessed actual knowledge of Undersigned Counsel's contact information via the Notice of Appearance.

33.    Despite possessing the immediately-aforementioned knowledge, Defendant APA, on Defendant SPV's behalf–and with its consent, knowledge, and approval–mailed the Notice of Confidential Information Within Court filing directly to Plaintiff in connection with the collection of the Debt.

34.    As such, Defendants violated 15 United States Code, Section 1692c(a)(2) by communicating directly with Plaintiff in connection with the collection of the Debt, despite Defendants each possessing actual knowledge that Plaintiff was represented by Undersigned Counsel with respect to the Debt.

35.    As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNTS TWO & THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692e and e(10)

36.    Plaintiff re-alleges paragraphs one (1) through thirty (30), as if fully restated herein and further states as follows:

37.    Defendants are each subject to, and have both violated the provisions of, 15 United States Code, Sections 1692e and e(10) by using any false, deceptive, or misleading representations or means in attempting to collect a consumer debt.

38.     Specifically, Plaintiff disputed the Debt and requested validation of the Debt in accordance with 15 United States Code, Section 1692g.

39.     At no time prior to the filing of the Debt Collection Lawsuit did Defendants provide Plaintiff with the required validation of the Debt, in accordance with 15 United States Code, Section 1692g.

40.     Despite failing to validate the Debt as required by 15 United States Code, Section 1692g, Defendant APA–on Defendant SPV's behalf, and with its consent, knowledge, and approval–served Plaintiff with the Debt Collection Lawsuit in an attempt to collect the Debt.

41.     Defendants' conduct was intended to deceive and mislead Plaintiff into paying the Debt by falsely leading Plaintiff to believe that, despite Plaintiff disputing the Debt and requesting that Defendants validate the Debt in accordance with 15 United States Code, Section 1692g, Defendants could and would continue its unlawful collection attempts until Plaintiff satisfied the Debt.

42.     Defendants' actions as described herein were an unlawful attempt to deceive and mislead Plaintiff into paying a Debt despite Defendants' failure to validate the Debt as required by 15 United States Code, Section 1692g.

43.     As such, Defendants' above-referenced actions constitute the use of false, deceptive, and/or misleading representations or means in attempting to collect the Debt from Plaintiff.

44.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by and provided for under 15 United States Code, Section 1692k.

**COUNT FOUR:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692g(a)(1)(2)(3)(4)(5)**

Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

45.     Defendants are each subject to, and have both violated the provisions of, 15 United States Code, Section 1692g(a) by failing to send a written notice to Plaintiff within five (5) days of Defendants' initial communication that contained (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46.     Specifically, Plaintiff disputed the Debt and requested validation of the Debt in accordance with 15 United States Code, Section 1692g.

47.     As of the date of the filing of this action, despite Plaintiff disputing the Debt and requesting validation of the Debt, Defendants still have yet to provide Plaintiff with the required written validation notice providing entirely (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will

be assumed to be valid by the debt collector, (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48.     Further, Defendant SPV and Defendant APA failed to provide written notice, as detailed above, to Plaintiff within five (5) days of Defendants' initial communication with Plaintiff.

49.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by and provided for under 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests against Defendants entry of:

a.     Judgment against Defendant SPV and Defendant APA for maximum statutory damages under the FDCPA, for violations committed by Defendants;

b.     An award of attorneys' fees and costs; and

c.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**[X]Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
**Gregory H. Lercher, Esq., FBN 0106991**
**Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*